**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Ningbo Jiuli CNC Machinery Co., Ltd., | ) | |
| | ) | Case No. 25-cv-1809 |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| The Partnerships and | ) | JURY TRIAL DEMANDED |
| Unincorporated Associations | ) | |
| Identified on Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

Ningbo Jiuli CNC Machinery Co., Ltd. ("Jiuli" or "Plaintiff"), by and through undersigned

counsel, hereby brings the present action against the Partnerships and Unincorporated Associations

Identified on Schedule A filed herewith (collectively, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may

properly exercise personal jurisdiction over Defendants since each Defendant directly targets

business activities toward consumers in the United States, including Texas, through at least the

fully interactive, internet e-commerce stores[1] operating under the seller aliases identified in

Schedule A filed herewith (collectively, the "Defendant Internet Stores"). Specifically, Defendants

_____

[1] URL links to these e-commerce internet stores are listed on Schedule A filed herewith.

have targeted sales to Texas residents in this District by setting up and operating e-commerce stores that target United States consumers, offering to ship to the United States, including Texas, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Texas. Each Defendant is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Texas.

## INTRODUCTION

3.      This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's patented design by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the laser boresighter products ("the Infringing Products") that infringe Plaintiff's U.S. Patent No. D1,039,104 ("the '104 Patent").

4.      Defendants create e-commerce stores that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing customers. E-commerce stores share unique identifiers establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation.

5.      Plaintiff has filed this action to combat Defendants' infringement of its design, as well as to protect unknowing consumers from purchasing Infringing Products over the internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful rights to exclude others from making, using, selling, offering for sale, and importing its design as a result

of Defendants' actions, including but not limited to price erosion and reputational damage, and seeks injunctive and monetary relief.

## JOINDER

6.    Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

7.    "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *Aquapaw Brands LLC v. Flopet*, No. 2:21-cv-00998-ccw, 2022 U.S. Dist. LEXIS 134797, at *6 (W.D. Pa. July 29, 2022) (*citing In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015)). Instead, the question is whether "the products are the same in all respects relevant to the patent." *Id.*; *see also, SitePro, Inc. v. WaterBridge Res., LLC*, No. 6:23-cv-00115-ADA-DTG, 2024 U.S. Dist. LEXIS 72523, at *13 (W.D. Tex. Apr. 22, 2024) (not requiring the products to be literally identical to satisfy the requirements of 35 U.S.C. § 299(a)).

8.    Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, relief is asserted jointly and severally against a swarm of foreign counterfeiters who have taken advantage of the anonymity and mass reach afforded by the internet and the cover afforded by international borders to infringe Plaintiffs' rights. Further, given the extremely high degree of similarity between each Defendant's infringing activity and products, as well as the equally high likelihood of their cooperation in said infringing efforts, common questions of fact abound.  Moreover, the Infringing Products are the same in all respects relevant to the '104 Patent. Schedule A-1 enclosed herewith shows each of the Infringing Products

compared to the claimed design of the '104 Patent. Thus, Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

9.      Further, Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation. Defendants' e-commerce stores are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. The infringement is happening at the same time with overlap of the products' manufacture, this case involves a claim for lost profits, and the Defendant e-commerce stores share advertising look and feel; this collectively establishes a logical relationship between Defendants, such that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences, and discovery will show further relationships among Defendants.

## THE PARTIES AND THE INTELLECTUAL PROPERTY AT ISSUE

10.     Plaintiff Ningbo Jiuli CNC Machinery Co., Ltd. is a Chinese company having a principal place of business at Pingtang Village, Dongwu Town, Yinzhou District, Ningbo City, Zhejiang Province, China 315100.

11.     Jiuli has been engaged in the business of designing, sourcing, and marketing laser boresighter products ("Plaintiff's Products"). Plaintiff's Products can be purchased from Plaintiff's Amazon webstore, BALICOCO. Since August 24, 2022, Jiuli, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, exported, and/or sold Plaintiff's Products to consumers in the United States.

12.     Jiuli's laser boresighter products are loved by consumers at least because of the unique design claimed in the '104 Patent, which helps, for example, to facilitate accurate and

4

consistent zeroing for optics and sights attached to firearms or air rifles. A representative figure from the '104 Patent is reproduced below:

| Patent Number | Representative Figure | Issue Date |
|---|---|---|
| U.S. D1,039,104 |  | August 13, 2024 |

13.     The '104 Patent, entitled "Laser Boresighter," was duly and legally issued on August 13, 2024. Attached hereto as Exhibit A is a true and correct copy of the '104 Patent.

14.     Jiuli is the applicant listed on the '104 Patent and is the lawful owner of all right, title, and interest in and to the '104 Patent.

15.     At all times relevant, the owner of the '104 Patent and any assignee complied with the federal patent marking statute, 35 U.S.C. § 287(a).

16.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Defendant Internet Stores identified on Schedule A and/or other Defendant Internet Stores not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

17.    On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Defendant Internet Stores listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

18.    Defendants have targeted sales to Texas residents in this District by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Texas, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Texas. Schedule A-2 enclosed herewith includes a screenshot of each Defendant offering to sell the Infringing Products into this District.

19.    Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online marketplaces and user accounts. On information and belief, Defendants regularly create new online marketplace accounts and listings on various platforms using the identities listed in Schedule A to the Verified Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

20.    Defendants' proclivity towards constant deleting and relisting of their product listings featuring the Infringing Products is illustrated in Schedules A-2, attached hereto. Of the offending listings identified by Plaintiff, roughly two thirds of them have been deactivated within

the weeks immediately preceding filing of this suit. *See* Schedule A-2. This fact underscores Defendants' anonymity and mobility in the online marketplace and the need for immediate relief to prevent Defendants from once again disappearing and opening up shop elsewhere.

21.    Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores demonstrating a series of interrelated acts of infringement. The Defendant Internet Stores are believed to include notable common features beyond selling the same Infringing Products, including use of the same or similar advertising look and feel, product images and descriptions, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, and the use of similar hosting services.

22.    In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

23.    On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

24.    Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiff's enforcement efforts, such as take down notices. On

information and belief, Defendants maintain offshore bank accounts and regularly move funds from the PayPal accounts or other financial accounts to offshore bank accounts outside the jurisdiction of this Court.

25. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that directly and/or indirectly infringe the '104 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Texas, and, on information and belief, each Defendant has offered to sell and sold Infringing Products into the United States, including this District.

26. Defendants' infringement of the '104 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

27. Defendants' infringement of the '104 Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of the Infringing Products into Texas, is irreparably harming Plaintiff.

## COUNT I

Infringement of the '104 Patent
35 U.S.C. § 271

28. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

29. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

30.     Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use a product that infringes directly and/or indirectly the '104 Patent.

31.     Specifically, Defendants have infringed and continue to infringe the sole claim of the '104 Patent by making, using, importing, selling, and/or offering to sell the Infringing Products in the United States without authorization from Plaintiff.

32.     Defendants have profited by their infringement of the '104 Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

33.     Defendants have infringed the '104 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, including but not limited to price erosion and reputational damage. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

34.     Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '104 Patent, including Defendants' profits pursuant to 35 U.S.C. § 289 or in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

35.     Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

36.     Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Jiuli respectfully requests that the Court enter judgment against Defendants as follows:

9

A.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B.     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

C.     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate it for Defendants' infringement of the '104 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, pursuant to 35 U.S.C. § 284;

D.     That the amount of damages awarded to Plaintiff under 35 U.S.C. § 284 for infringement of the '104 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.     In the alternative to Plaintiff's lost profits or a reasonable royalty under 35 U.S.C.

§ 284, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement

of the '104 Patent pursuant to U.S.C. § 289;

F.     That Plaintiff be awarded its interest and costs pursuant to 35 U.S.C. § 284; and

G.     That this Court award any and all other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all issues so triable pursuant to Rule

38(b) of the Federal Rules of Civil Procedure.

Dated: November 11, 2025                                Respectfully Submitted,

                                                        */s/   Joseph P. Hooper_____*
                                                        Joseph Hooper, #77011
                                                        AVEK IP, LLC
                                                        7285 W. 132nd Street, Suite 340
                                                        Overland Park, KS 66213
                                                        Phone: (913) 499-1284
                                                        Fax: (913) 549-4646
                                                        jhooper@avekip.com
                                                        Attorney for Plaintiff

## **VERIFICATION**

I, Ligong Zhou, hereby declare and state that:

1.    I am the Legal Representative of Ningbo Jiuli CNC Machinery Co., Ltd. ("Plaintiff").
As such, I am authorized to make this verification on behalf of Plaintiff.

2.    I have read the foregoing verified complaint, and based on my personal knowledge and
my knowledge of information reported to me by my subordinates and colleagues who
report to me, the factual allegations contained in the foregoing complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

Executed: November 11, 2025
Ligong Zhou